116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WHEELER ELECTRIC, INC., United States of America, for the
use and benefit of Wheeler Electric, Inc., an
Idaho corporation, Plaintiff-Appellant,
v.
ABT SERVICE CORPORATION, INC., a foreign corporation, Defendant,
and
INTERNATIONAL FIDELITY INSURANCE COMPANY, a foreign
corporation, Defendant-Appellee.
 No. 96-35359.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1997*
Decided June 9, 1997.
 
 Appeal from the United States District Court for the District of Idaho, No. CV-94-00305-BLW; B. Lynn Winmill, District Judge, Presiding.
 MEMORANDUM**
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 Subcontractor Wheeler Electric performed electrical work on a Department of Energy construction project. International Fidelity Insurance Company was the surety on a payment bond obligating it to pay construction costs upon default by the principal contractor, ABT Service Corporation. Wheeler completed its work under the subcontract and submitted a claim to ABT in excess of $83,000.
 
 
 2
 While negotiating for payment of its claim, Wheeler[1] sought to toll the statute of limitations for its claim on the payment bond. It dealt with attorney Danny Quintana, who had represented ABT and International in eight cases of the more than 20 claims against ABT on the same project.
 
 
 3
 Quintana notified International's claims representative, Kathleen Maloney, and faxed to her a proposed tolling agreement. He already signed it on behalf of both ABT and International. The following language appeared above the signature lines of the draft submitted to and read by Maloney:
 
 
 4
 The parties signing this agreement have express authority to execute the agreement on behalf of the corporation for which it [sic] signs.
 
 
 5
 (Emphasis added.)
 
 
 6
 Maloney returned it with proposed changes, but did not alter the authorization provision or contradict it. When Quintana informed her that he had made her proposed changes, she did not object to the agreement in its final form. Although she did not intend to execute the agreement without first learning when the limitations period expired, she did not communicate this intention to Quintana or Wheeler.
 
 
 7
 Six months later, Wheeler brought suit. The court concluded at a bench trial that Quintana lacked authority to enter into the tolling agreement on International's behalf. It then held that Wheeler's claim was time-barred.[2] We reverse and deny International's request for fees and costs on appeal.
 
 ANALYSIS:
 
 8
 We review for clear error the court's findings of fact. Fed. R.Civ.P. 52(a); Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). We review de novo its conclusions of law. Magnuson, 85 F.3d at 1427.[3]
 
 
 9
 Apparent, or ostensible, authority is "that which the principal holds the agent out as possessing, or ... permits the agent to represent that he possesses." Hunsaker v. Rhodehouse, 289 P.2d 319, 324 (Idaho 1955). It need not be based upon specific representations made by the principal to the third party. Even the principal's inaction may create apparent authority. Id.; see also Restatement (Second) of Agency § 27 & cmt. a (1957). The proper inquiry looks at all the circumstances to determine whether "a person of ordinary prudence, conversant with the business usages and the nature of a particular business, is justified in believing that the agent is acting pursuant to existing authority." Hausam v. Schnabl, 887 P.2d 1076, 1080 (Idaho Ct.App.1994).
 
 
 10
 Maloney's failure to object to the tolling agreement and its authorization provision clothed Quintana with apparent authority. She knew that Wheeler either had received or would receive a copy of the agreement bearing that provision. She knew that Quintana represented himself to be International's attorney, and only she knew that he might be mistaken. She alone could have prevented the misunderstanding as to Quintana's authority and failed to act.
 
 
 11
 That Maloney actually believed that Quintana represented only ABT is irrelevant. The issue is what a reasonable person in Wheeler's position would have believed. It reasonably believed that Quintana had authority to bind International to the tolling agreement. Contrary to the court's conclusion, Quintana's previous representation of International was relevant to establishing the reasonableness of this belief. See Capital Dredge & Dock Corp. v. City of Detroit, 800 F.2d 525, 531 (6th Cir.1986); Restatement (Second) of Agency § 8, cmt. b (1957).
 
 CONCLUSION
 
 12
 We reverse the judgment that Wheeler's claim is time-barred and remand for further proceedings.
 
 
 13
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Wheeler Electric was represented in these dealings by its attorney, John St. Clair, and its president, Douglas Wheeler. We refer to them collectively as "Wheeler."
 
 
 [2]
 Wheeler's judgment against ABT is not at issue. opening brief for failure to recite the standard of review
 
 
 [3]
 We reject International's suggestion to strike appellant's opening brief for failure to recite the standard of review